UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
                                )
                                )
            v.                  )No. 05-CR-30013-MAP
                                )
ANTONIO MARIN,                  )
          Defendants.           )


GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, by Michael J. Sullivan,

United States Attorney for the District of Massachusetts, submits

the following proposed jury instructions for consideration by the

Court in the trial of the above-captioned case.  The government

requests leave to supplement, modify, or withdraw these

instructions as may become necessary.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ Paul Hart Smyth
_____
PAUL H. SMYTH
Assistant U.S. Attorney

## Table of Contents

| Instruction Number | Title | Page |
|---|---|---|
| 1 | Role and Duty of the Jury | 1 |
| 2 | The Government As a Party | 3 |
| 3 | Consider Only the Charges | 4 |
| 4 | Presumption of Innocence; Proof Beyond a Reasonable Doubt | 5 |
| 5 | Knowingly | 7 |
| 6 | Willfully | 9 |
| 7 | Credibility of Witnesses | 10 |
| 8 | Credibility of Witnesses - Inconsistencies | 11 |
| 9 | Preparation of Witnesses | 12 |
| 10 | Credibility of Defendant as a Witness | 13 |
| 11 | Interest in Outcome | 14 |
| 12 | Sympathy | 15 |
| 13 | Specific Investigation Techniques Not Required | 16 |
| 14 | Weighing the Testimony of an Expert Witness | 17 |
| 15 | Variance - Dates | 18 |
| 16 | Direct and Circumstantial Evidence | 19 |
| 17 | What is Evidence: Inferences | 20 |
| 18 | Motive | 21 |
| 19 | Questions | 22 |
| 20 | Stipulations | 23 |

21      Punishment . . . . . . . . . . . . . . . .   24

22      Statements by Defendant  . . . . . . . . . .   25

23      Reaching Agreement . . . . . . . . . . . . .   26

24      Possession of Firearms In or Affecting
            Commerce by Convicted Felons  . . . . . .   28

25      Possession a Firearm in Furtherance of
            Drug Trafficking Crime  . . . . . . . . .   30

<u>Instruction No. 1</u>

<u>Role and Duty of the Jury</u>

Your final role is to pass upon and decide the fact issues that are in the case.  You, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

In determining the facts, you must rely upon your own recollection of the evidence.  What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence.  In this connection, you should bear in mind that a question put to a witness is never evidence.  It is only the answer which is evidence.  Nor is anything I may have said during the trial or may say during these instructions with respect to a fact matter to be taken in substitution for your own independent recollection.  What I say is not evidence.

The evidence before you consists of the answers given by witnesses--the testimony they gave, as you recall it--and the exhibits that were received in evidence.

It is your duty to find the facts from all the evidence admitted in this case.  To those facts you must apply the law as

1

I give it to you.  The determination of the law is my duty as the presiding judge in this court.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return--that is a matter entirely for you to decide.[1]

---

[1] Adapted from 1 L. Sand, et al, <u>Modern Federal Jury Instructions: Criminal</u>, ¶ 2.01, Instruction No. 2-3 (2005); <u>Pattern Criminal Jury Instructions for the District Courts of the First Circuit</u>, Instruction No. 3.01 (2003).

2

<u>Instruction No. 2</u>

<u>The Government as a Party</u>

You are to perform the duty of finding the facts without bias or prejudice as to any party.  You are to perform your final duty with an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with serious crimes.

The fact that the prosecution is brought in the name of United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation.  By the same token, it is entitled to no less consideration.  All parties, whether government or individuals, stand as equals at the bar of justice.[2]

---

[2]  1 L. Sand, et al, <u>Modern Federal Jury Instructions: Criminal</u>, ¶ 2.01, Instruction No. 2-5 (2005).

3

Instruction No. 3

Consider Only the Charges

The defendant is not charged with committing any crimes other than the offenses contained in the Indictment.  You have heard evidence of other acts allegedly committed by the defendant.  When that evidence was introduced, I instructed you that it was to be considered by you solely for a limited purpose. I will explain that limited purpose again in a moment.  But I want to emphasize to you now that you are not to consider that evidence for any other purpose and you are only to return a verdict as to the charges contained in the Indictment.[3]

---

[3] 1 L. Sand, et al, Modern Federal Jury Instructions: Criminal, ¶ 3.01, Instruction No. 3-3 (2005).

4

Instruction No. 4

Presumption of Innocence; Proof Beyond A Reasonable Doubt

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality.  It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant.  The defendant before you has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crime with which he is charged beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to the defendant.  It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence.  The defendant has the right to rely upon the failure or inability of the government to establish

5

beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of a particular crime, it is your duty to acquit him of that crime.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt of a particular crime, you should vote to convict him.[4]

---

[4] <u>Pattern Criminal Jury Instructions for the District Courts of the First Circuit</u>, Instruction No. 3.02 (2005).

6

Instruction No. 5

Knowingly

You have been instructed that in order to sustain its burden of proof, the Government must prove that the defendant acted knowingly.  A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness.  Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

In deciding whether defendant acted knowingly, you may infer that defendant had knowledge of a fact if you find that he deliberately closed his eyes to a fact that otherwise would have been obvious to him.  In order to infer knowledge, you must find that two things have been established.  First, that defendant was aware of a high probability of the fact in question.  Second, that defendant consciously and deliberately avoided learning of that fact.  That is to say, defendant willfully made himself blind to that fact.  It is entirely up to you to determine whether he deliberately closed his eyes to the fact, and, if so, what inference, if any, should be drawn.  However, it is important to bear in mind that mere negligence or mistake in

7

failing to learn the fact is not sufficient.  There must be a deliberate effort to remain ignorant of the fact.[5]

---

[5] Adapted from 1 L. Sand, et al, Modern Federal Jury Instructions: Criminal, ¶ 3A.01, Instruction Nos. 3A-1 and 3A-2 (2005).  See United States v. Pitrone, 115 F.3d 1 (1st Cir. 1997); United States v. Tracy, 36 F.3d 187 (1st Cir. 1994); and Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Instruction No. 2.14 (2003).

Instruction No. 6

Willfully

You have been instructed that in order to sustain its burden of proof, the Government must prove that the defendant acted willfully.  "Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law.

The defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake.[6]

---

[6] 1 L. Sand, et al, Modern Federal Jury Instructions: Criminal, ¶ 3A.01, Instruction No. 3A-3 (2005); Ratzlaf v. United States, 510 U.S. 135 (1994); United States v. Pomponio, 429 U.S. 10 (1976); United States v. Smith, 278 F.3d 33 (1st Cir. 2002); United States v. Hurley, 63 F.3d 1 (1st Cir. 1995).

9

<u>Instruction No. 7</u>

<u>Credibility of Witnesses</u>

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.[7]

---

[7]  <u>Pattern Criminal Jury Instructions for the District Courts of the First Circuit</u>, Instruction No. 1.06 (2003); derived from Eighth Circuit Instruction No. 1.05 and Ninth Circuit Instruction No. 1.07.

Instruction No. 8

Credibility of Witnesses - Inconsistencies

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or intentional falsehood.[8]

_____

[8] Adapted from 1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions: Criminal, § 15.01 (5th ed. 2000).

11

Instruction No. 9

Preparation of Witnesses

Some mention has been made of the preparation of witnesses to testify by the Assistant United States Attorney.  There is nothing wrong with a lawyer preparing a witness to testify.  As a matter of fact, if the lawyers did not do some preparation, this case would be much longer than it has been.  It is to be expected that when an attorney puts a witness on the stand for direct examination, he will have met with the witness and know what the answers are going to be most of the time, that is, assuming the witness is willing to talk to the lawyer ahead of time.

The fact that a witness met with an attorney prior to that witness testifying before you, standing alone, should not usually cause you to discredit the testimony of that witness.  You may, however, consider the fact that a witness was willing to meet, or not meet, with one side or the other, prior to this case, in evaluating the witness' testimony.  You may also consider whether any such meeting did, in fact, influence the testimony of the witness.[9]

---

[9]  Adapted from Judge McNaught's charge in United States v. Ronna, Cr. No. 81-13-Mc.  See also, Judge Zobel's charge in United States v. Kepreos, Cr. No. 83-12-Z.

12

<u>Instruction No. 10</u>

<u>Credibility of Defendant as a Witness
(Requested only if a defendant testifies)</u>

A defendant cannot be compelled to take the witness stand and testify.  Whether or not a defendant testifies is a matter of her own choosing.  If a defendant does choose to testify, he is a competent witness.  In that event, he is subject to cross-examination and his credibility is for you, the jury, to determine, in the same manner as that of other witnesses.[10]

---

[10] <u>United States v. Dwyer</u>, 843 F.2d 60, 62-63 (1st Cir. 1988).

13

Instruction No. 11

Interest in Outcome

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case.  Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely.  It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.[11]

---

[11]  1 L. Sand, et al, Modern Federal Jury Instructions: Criminal, ¶ 7.01, Instruction No. 7-3 (2005).

14

Instruction No. 12

Sympathy

Under your oath as jurors you are not to be swayed by sympathy.  You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for your alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you.  It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal.  But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.[12]

---

[12]  1 L. Sand, et al, <u>Modern Federal Jury Instructions: Criminal</u>, ¶ 2.01, Instruction No. 2-12 (2005).  <u>See also</u> <u>United States v. Levy-Cordero</u>, 67 F.3d 1002, 1009 (1st Cir. 1995).

15

<u>Instruction No. 13</u>

<u>Specific Investigation Techniques Not Required</u>

During the trial you have heard testimony of witnesses and argument by counsel that the government did not utilize specific investigative techniques.  You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty.  However, you also are instructed that there is no legal requirement that the government use any of these specific investigative techniques to prove its case.  Law enforcement techniques are not your concern.

Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.[13]

---

[13]  1 L. Sand, et al, <u>Modern Federal Jury Instructions:</u> <u>Criminal</u>, ¶ 4.01, Instruction No. 4-4 (2005).

16

Instruction No. 14

Weighing the Testimony of An Expert Witness

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony.  In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.[14]

_____

[14] Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Instruction No. 2.07 (2003); derived from Eighth Circuit Instruction No. 4.10.

17

Instruction No. 15

Variance - Dates

While we are on the subject of the elements, I should draw
your attention to the fact that it does not matter if the
indictment charges that a specific act occurred on or about a
certain date, and the evidence indicates that, in fact, it was on
another date.  The law only requires a substantial similarity,
between the dates alleged in the indictment and the date
established by testimony or exhibits.[15]

---

[15] 1 L. Sand, et al, Modern Federal Jury Instructions:
Criminal, ¶ 3.01, Instruction No. 3-12 (2005); see United States
v. Morris, 700 F.2d 427 (1st Cir. 1983).

<u>Instruction No. 16</u>

<u>Direct and Circumstantial Evidence</u>

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for your to decide how much weight to give to any evidence.[16]

---

[16] <u>Pattern Criminal Jury Instruction for the District Courts of the First Circuit</u>, Instruction No. 3.05 (2003).

19

Instruction No. 17

What is Evidence: Inferences

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and the defendants accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact to be given whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.[17]

---

[17] Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Instruction No. 3.04 (2003).

20

Instruction No. 18

Motive

Motive is what prompts a person to act, or fail to act. The concept of motive is different than the concept of intent. Intent refers only to the state of mind with which the act is done or omitted.

Personal advancement and financial gain are two well-recognized motives for much of human conduct. These motives may prompt one person to voluntary acts of good, another to voluntary acts of crime. The government is never required to prove motive.

Good motive alone, when it exists, is never a defense where the act done or omitted is a crime. The motive of the defendants are, therefore, immaterial except insofar as evidence of motive may aid determination of state of mind or the intent of the defendants.[18]

---

[18] Adapted from 1A O'Malley, Grenig, and Lee, Federal Jury Practice Instructions: Criminal, § 17.06 (5th ed. 2000).

21

Instruction No. 19

Questions

Let me emphasize that a lawyer's question is not evidence. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true and asked the witness if the statement was true.  If the witness denies the truth of a statement, and if there is no evidence in the record proving that the assumed fact is true, then you may not consider the fact to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question to a married witness:  "When did you stop beating your wife?"  You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there is some other evidence in the record that he had beaten his wife.

In short, questions are not evidence; answers are.[19]

_____

[19]  1 L. Sand, et al, Modern Federal Jury Instructions: Criminal, ¶ 5.01, Instruction No. 5-3 (2005); United States v. Concemi, 957 F.2d 942 (1st Cir. 1992).

22

Instruction No. 20

Stipulations

The evidence in this case includes facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendants accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given what weight you choose.[20]

---

[20] Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Instruction No. 2.01 (2003).

23

Instruction No. 21

Punishment

The question of possible punishment of a defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively upon the court.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of the evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict in any way, or, in any sense, enter into your deliberations.[21]

---

[21] 1 L. Sand, et al, Modern Federal Jury Instructions: Criminal, ¶ 9.01, Instruction No. 9-1 (2005); Shannon v. United States, 512 U.S. 573 (1994).

24

<u>Instruction No. 22</u>

<u>Statements by Defendant</u>

You have heard evidence that the defendant made statements in which the government claims he admitted certain facts.

It is for you to decide (1) whether defendant made the statements and (2) if so, how much weight to give it.  In making those decisions, you should consider all of the evidence about the statements, including the circumstances under which the statements may have been made [and any facts or circumstances tending to corroborate or contradict the version of events described in the statement].[22]

---

[22] <u>Pattern Criminal Jury Instructions for the District Courts of the First Circuit</u>, Instruction No. 2.11 (2003).

25

Instruction No. 23

Reaching Agreement

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it.  It is important therefore that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.  You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but, of course, only if each of you can do so after having made your

26

own conscientious determination.  Do no surrender an honest

conviction as to the weight and effect of the evidence simply to

reach a verdict.[23]

---

[23] <u>Pattern Criminal Jury Instructions for the District
Courts of the First Circuit</u>, Instruction No. 6.03 (2003).

Instruction No. 24

Possession of Firearms and Ammunition In or
Affecting Commerce by Convicted Felon
(18 U.S.C. § 922(g)(1))

Defendant is charged with possessing firearms and ammunition in or affecting commerce after having been convicted of crimes punishable by imprisonment for more than one year.  It is against federal law for a convicted felon to possess firearms and ammunition that were connected with interstate or foreign commerce.  For you to find the defendant guilty of this crime, you must be satisfied that the government has proven each of the following things beyond a reasonable doubt:

First, that the defendant has been convicted in any court of at least one crime punishable by imprisonment for a term exceeding one year.

Second, that the defendant knowingly possessed the firearms and ammunition described in the indictment. The term "firearm" means any weapon which will or is designed or may readily be converted to expel a projectile by the action of an explosive.  The term "firearm" also includes the frame or receiver of any such weapon.

Third, that the firearms were connected with interstate commerce or foreign commerce.  This means that the firearms, at any time after they were manufactured, moved from one state to another or from a foreign country into the United States.  The travel need not have been connected to the charges in the indictment, need not have been in furtherance of any unlawful activity and need not have occurred while defendant possessed the firearms.

The word "knowingly" means that the act was done voluntarily and intentionally, not because of mistake or accident.

28

The term "possess" means to exercise authority, dominion or control over something.  It is not necessarily the same as legal ownership.  The law recognizes different kinds of possession.

Possession includes both actual and constructive possession. A person who has direct physical control of something on or around his person is then in actual possession of it.  A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it.  Whenever I use the term "possession" in these instructions, I mean actual as well as constructive possession.

Possession includes both sole and joint possession.  If one person alone has actual or constructive possession, possession is sole.  If two or more persons share actual or constructive possession, possession is joint.  Whenever I have used the word "possession" is these instructions, I mean joint as well as sole possession.[24]

---

[24]<u>Pattern Criminal Jury Instructions for the District Courts of the First Circuit</u>, Instruction No. 4.18.922(g) (2003).

<u>Instruction No. 25</u>

<u>Possession a Firearm in Furtherance of
Drug Trafficking Crime
18 U.S.C. § 924(c)</u>

Defendant is accused of possession a firearm in furtherance of a drug trafficking crime.  It is against federal law to possess a firearm in furtherance of a drug trafficking crime. For you to find defendant guilty of this crime, you must be satisfied that the government has proven each of the following things:

> <u>First</u>, defendant committed the crime of possession with
> intent to distribute cocaine.  The parties have
> stipulated that the defendant has committed the crime
> of possession with intent to distribute cocaine.  You
> are to take that fact as proven.

> <u>Second</u>, the defendant knowingly possessed a firearm in
> furtherance of the commission of that crime.

The word "knowingly" means that an act was done voluntarily and intentionally, not because of mistake or accident.

To "carry" a firearm during and in relation to a crime means to move or transport the firearm on one's person or in a vehicle or container during and in relation to the crime.  It need not be immediately accessible.

To "use" a firearm during and in relation to a crime means to employ the firearm actively, such as to brandish, display, barter, strike with, fire or attempt to fire it, or even to refer to it in a way calculated to affect the underlying crime.  The firearm must have played a role in the crime or must have been

30

intended by the defendant to play a role in the crime.  That need
not have been its only purpose, however.

A defendant's possession of a firearm is "in furtherance of"
a crime if the firearm possession made the commission of the
underlying crime easier, safer or faster, or in any other way
helped the defendant commit the crime.  There must be some
connection between the firearm and the underlying crime, but the
firearm need not have been actively used during the crime.[25]
Factors you may consider when deciding whether the defendant's
possession of a firearm is "in furtherance of" a drug trafficking
crime include the accessibility of the firearm, the type of
firearm, the status of the possession (legitimate or illegal),
whether the firearm is loaded, the proximity of the firearm to
contraband or criminal proceeds, and the time and circumstances
under which the firearm is recovered.[26]

_____

[25] Pattern Criminal Jury Instructions for the District
Courts of the First Circuit, Instruction No. 4.18.924 (2003).

See United States v. Ceballos-Torres, 218 F.3d 409, 414-15 (5th
Cir. 2000).