UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2006 APR -4 A 11: 07

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v ) | NO. 05-30013 |
| ) | |
| ANTONIO MARIN ) | |

## DEFENDANT'S REQUEST FOR JURY INSTRUCTIONS

### POSSESSION OF FIREARMS IN FURTHERANCE OF A DRUG CRIME

The defendant respectfully requests the court to include the following language taken from recent First Circuit cases in its Jury Instructions. See United States v. Felton, 417 F. 3rd 97 (1st Cir. 2005). United States v. Delgado- Hernandez, 420 F. 3rd 16 (1st Cir. 2005).

"The Government must clearly show that a firearm was possessed to advance or promote the commission of the underlying offense. . . the Government must illustrate through specific facts, which tie the defendant to the firearm, that the firearm was possessed to advance or promote the criminal activity." Delgado-Hernandez supra.

"To possess a firearm in furtherance of a crime means that the firearm helped to facilitate, forward, advance, or promote the commission of the specific crime charged. It is not sufficient for the Government to prove simply that a defendant possessed a firearm during the same time" as a crime was committed. "The Government must prove beyond a reasonable doubt that the firearm had a specific and direct connection to the commission of the crime charged in order for this element to be satisfied." Felton supra.

Although the Government need not prove that the defendant actively employed the firearm in furtherance of the charged crime, but it must prove that the firearm was possessed to advance or promote the commission of the underlying offense, mere presence of a firearm is not enough. The storage of, or mere presence of a firearm, in the same area where a criminal act occurs is not alone a sufficient basis for finding the firearm was possessed in furtherance of the crime charged." Felton supra, Delgado-Hernandez supra.

### POSSESSION OF FIREARM BY CONVICTED FELON

The defendant specifically requests the jury be instructed by including the language in18 U.S.C. §921 (a)(20). Specifically the defendant requests an instruction include the language from the above referenced statute which indicates that any conviction for which a defendant "has had

civil rights restored shall not be considered a conviction for purposes of this chapter. Unless such ... restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."

The defendant further requests inclusion from the above referenced statute indicating that a crime punishable by imprisonment for a term exceeding one year does not include any state offense classified by the laws of the state as a misdemeanor and punishable by a term of imprisonment of two years or less.

Respectfully submitted,

THE DEFENDANT

BY: /s/ Mark G. Mastroianni
95 State Street- Suite 309
Springfield, MA 01103
(413) 732-0222
BBO #556084

CERTIFICATE OF SERVICE

I, Mark G. Mastroianni, Esq., do hereby certify that I have served a copy of the foregoing to AUSA Paul Smyth, 1550 Main Street, Springfield, MA 01103 this ___ day of April 2006.

_____
Mark G. Mastroianni